UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62007-CIV-SINGHAL

DIVYA KHULLAR,

      Plaintiff,

v.

MANUEL ROSARIO, an Individual
Florida resident; ADRIANA ROSARIO, an
Individual Florida resident; STATE OF
OREGON ex rel. ELLEN F. ROSENBLUM,
Attorney General for the State of Oregon;
OREGON STATE BAR, a public corporation
of the State of Oregon; OREGON JUDICIAL
DEPARTMENT, A Government agency of the
State of Oregon; and THE UNITED STATES
PATENT AND TRADEMARK OFFICE, a
Federal Agency,

      Defendants.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendant U.S. Patent and Trademark Office's ("Defendant" or "USPTO") Motion for Summary Judgment, filed on April 4, 2022 (the "Motion") (DE [72]). Plaintiff filed a Response on April 27, 2022 (DE [82]). Defendant filed a Reply on May 9, 2022 (DE [90]). The Motion is now ripe for this Court's consideration.

## I.   LEGAL STANDARD

The Freedom of Information Act ("FOIA") requires federal agencies to make records and documents available to the public on request unless a statutory exception applies. *See* 5 U.S.C. § 552. Challenges to the adequacy of an agency's search for records responsive to a FOIA request are generally resolved at the summary judgment phase once the documents in issue are properly identified. *Miscavige v. IRS*, 2 F.3d 366,

369 (11th Cir. 1993); *St. Andrews Park, Inc. v. U.S. Dep't of Army Corps. Engineers*, 299 F. Supp. 2d 1264, 1267 (S.D. Fla. 2003). "The adequacy of an agency's search for documents requested under FOIA is judged by a reasonableness standard." *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990) (citation omitted). "Under this standard, the agency need not show that its search was exhaustive. Rather, the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." *Id.* (cleaned up). "The government agency may meet this burden by producing affidavits of responsible officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Id.* (cleaned up). And an agency's affidavit is accorded a presumption of good faith. *Del Rio v. Miami Field Office of FBI*, 2009 WL 2762698, at *6 (S.D. Fla. 2009) (citing *Fla. Immigrant Advoc. Ctr. v. NSA*, 380 F. Supp. 2d 1332, 1343 (S.D. Fla. 2005)). Moreover, an agency's search is not presumed unreasonable if it fails to produce all relevant documents because an agency is not required to prove that every single responsive document has been produced. *Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

## II.   **DISCUSSION**

Defendant argues that it conducted an adequate search for records responsive to Plaintiff's FOIA request. *See* Motion, at 4–7. In the cited affidavit, USPTO FOIA Officer Dorothy Campbell explains that the USPTO received a FOIA request via email from Plaintiff seeking the following:

> Any and all documents/information (electronic, print, or otherwise) USPTO received or maintained in any file related to EOD disciplinary files with the following file numbers as of June 23, 2019[1]:

---

[1] The appropriate date appears to be **July** 23, 2019, and this July date is followed throughout the case with the exception of DE [72], the Motion, at paragraph one of the argument, and Officer Campbell's affidavit

    1. File # No. G3765
    2. File # No. G3766
The Request specifically includes, but is not limited to, the following:
    A. Any and all documents Mr. Gerard Taylor had in regard to these matters. This includes but is not limited to emails, sent and received, from Gerard.Taylor@uspto.gov;
    B. Any and all documents and communications from the Florida Bar;
    C. Any and all documents and communications from Oregon State Attorney Generals office;
    D. Any and all documents and communications from Oregon Bar;
    E. Any and all documents and communications from the FBI; and
    F. Any and all documents and communications within EOD in this matter.

Campbell Decl. ¶ 4 (DE [72-1], at 2). The USPTO FOIA Office identified the USPTO's Office of Enrollment and Discipline ("OED") as the unit within the agency that would possess records responsive to the request. *Id.* ¶ 6. The OED investigates allegations of, and brings disciplinary complaints charging, misconduct by practitioners who practice patent, trademark, and other non-patent law before the USPTO. *Id.* ¶ 12. Ronald Jaicks, Senior Counsel for Disciplinary Investigations, performed a search for responsive documents in the USPTO's OEDIS database. *Id.* ¶ 16. Jaicks searched for documents within the OED file numbers specified in the request (G3765 and G3766) that were dated on or before the date specified in the request (July 23, 2019). *Id.* This search located 52 pages of documents, which were produced to Plaintiff in full on June 7, 2021. *Id.* Jaicks is aware of no other location where electronic or physical documents responsive to Plaintiff's FOIA request could be found. *Id.* However, on March 31, 2022, Jaicks identified an additional potentially responsive document in the OEDIS system that had not been initially produced because it appeared to be outside the scope of Plaintiff's FOIA request. *Id.* ¶ 17. This document reflected a date one day after the July 23, 2019 cutoff date

---

paragraph 4.  Carefully considering the affidavit and the research done to comply with the FOIA request, it is clear "June" is a typographical error.  This error is careless, particularly in an affidavit, but not fatal.

specified in the request. *Id.* USPTO released the document to Plaintiff *Id.* The document is a memorandum approving the opening of investigative file G3765 regarding Plaintiff. *Id.* It reveals that OED had not maintained the disciplinary files identified in Plaintiff's FOIA request before the operative date in his request (July 23, 2019). *Id.*

USPTO FOIA also searched for responsive records that might be maintained by OED Staff Attorney Gerard Taylor. *Id.* ¶ 15. Taylor conducted a search of his emails using the search term "Divya" and "Khullar." *Id.* Taylor was unaware of any other places where responsive records might be located. *Id.* No responsive records were located in Taylor's custody or control. *Id.* ¶ 16.

Plaintiff challenges the adequacy of the USPTO's search for documents and records responsive to his April 26, 2021 FOIA request. Plaintiff raises several arguments in response to the USPTO's Motion for Summary Judgment. First, Plaintiff contends the Declaration of Dorothy Campbell filed in support of the Motion improperly contains inadmissible hearsay regarding the agency's search efforts. *See* Response, at 2. Second, Plaintiff argues that he should be allowed discovery related to his FOIA request. *Id.* Third, Plaintiff argues the USPTO's response to a prior FOIA request raises questions regarding the adequacy of its search for responsive records to the April 26, 2021 FOIA request. *Id.* at 2–4. Fourth, Defendant contends the USPTO's search was inadequate because it failed to yield three allegedly responsive documents. *Id.* at 7–9.

### A. Hearsay Issue

Plaintiff contends that an agency's declaration in support of its summary judgment motion in a FOIA action cannot contain hearsay. *See* Response, at 2–3. Yet Plaintiff cites no authority for this contention. "Generally, declarations accounting for searches of documents that contain hearsay are acceptable." *Kay v. FCC*, 976 F. Supp. 23, 34 n.29

(D.D.C. 1997) (citing *SafeCard Serv., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)). Moreover, "an agency need not submit an affidavit from the employee who actually conducted the search. Instead, an agency may rely on an affidavit of an agency employee responsible for supervising the search." *Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993) (citing *SafeCard Serices, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991)). Accordingly, Plaintiff's argument is without merit.

### B.  Discovery

Plaintiff next argues that he should be "afforded his procedural due process rights to conduct discovery to overcome the presumption" of good faith. Response, at 2. But "[a]s a general rule, courts have disallowed discovery in FOIA actions or have permitted discovery, when deemed necessary, only on a limited basis." *E.g.*, *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343 (S.D. Fla. 2008). "Discovery is usually not allowed at all if the Court is satisfied that the affidavits/declarations submitted by the agency are sufficiently detailed, non-conclusory, and submitted in good faith." *Id.* at 1343–44 (citing *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200–02 (D.C. Cir. 1991); *Grand Central Partnership, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999); *Military Audit Project v. Casey*, 656 F.2d 724, 750–52 (D.C. Cir. 1981); *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980)).

The Court finds that the Declaration of USPTO FOIA Officer Dorothy Campbell sufficiently describes in detail how the USPTO searched for records responsive to Plaintiff's FOIA request and why its search was reasonably calculated to locate said records. Plaintiff has cited no evidence of bad faith that would warrant discovery. Plaintiff believes he is entitled to discovery to rebut the presumption of good faith. Yet Plaintiff cites no authority for this proposition and the Court is aware of none. Accordingly, the

Court finds Plaintiff is not entitled to discovery.

### C. USPTO Response to Prior FOIA Request

Plaintiff attacks the reasonableness of USPTO's search for records by referencing USPTO's response to an earlier FOIA request submitted in August 2020. *See* Response, at 2–3. This earlier request was much broader and not limited to records concerning himself. *See* (DE [83-1]). Plaintiff contends that USPTO's response to his prior request advising him of an estimated search fee of $1,257.00, and an email stating that all information not in his personal file is chargeable, raise questions whether USPTO maintains additional documents relevant to his current FOIA request. *See* Response, at 2–4. The Court finds this argument perplexing. The fact that both personal and non-personal files could contain records responsive to his broad August 2020 FOIA request has no bearing on whether USPTO's search of only OEDIS and Taylor's emails in response to Plaintiff's April 2021 FOIA request was reasonable. Plaintiff's April 2021 FOIA request was limited to records related to his own disciplinary files. Specifically, it was limited to EOD disciplinary files with two file numbers (G3765 and G3766) as of July 23, 2019.

Plaintiff adds that the use of "in any file" in his FOIA request required USPTO to look beyond the locations where the agency determined responsive documents would likely be found. *See* Response, at 2–4. Plaintiff cites no authority for this contention and the Court is aware of none that would support it. An "agency need not show that its search was exhaustive. Rather, the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." *Ray*, 908 F.2d at 1558. Accordingly, the Court finds the USPTO prevails on this issue.

### D. Failure to Locate Specific Documents

Finally, Plaintiff contends the USPTO's failure to locate three specific documents, which the agency separately produced to him in the course of his disciplinary proceeding, demonstrates the agency's search was inadequate. *See* Response, at 7. The first document contains an email and attached spreadsheet compiled by a USPTO employee that identifies individuals licensed to practice by the USPTO who have been identified as subjects of disciplinary proceedings before other authorities. Plaintiff was identified on seven pages of this spreadsheet. However, this document is not responsive for several reasons. It relates broadly to USPTO regulation of attorneys, not to particular disciplinary files specified in Plaintiff's request. Moreover, this document would not have been "received or maintained" by USPTO as of the cutoff date in the request (July 23, 2019).

The remaining documents include a 39-page spreadsheet, completely redacted except for one line containing Plaintiff's name and birthdate. The Court does not see how this is relevant to the two disciplinary files cited in Plaintiff's request. The next document is a printout of the docket of Plaintiff's disciplinary proceeding before the Oregon State Bar. The Court does not see how this is relevant to the two disciplinary files cited in Plaintiff's request. Even if each of the foregoing documents were responsive, an agency's search is not presumed unreasonable if it fails to produce all responsive documents because an agency is not required to prove that every single responsive document in existence has been produced. *Nation Magazine*, 71 F.3d at 892 n.7. Accordingly, the Court finds the USPTO's failure to produce the three referenced documents does not demonstrate the agency's search was inadequate.

III.  **CONCLUSION**

The Court finds, beyond material doubt, that USPTO conducted a search reasonably calculated to uncover all relevant documents to Plaintiff's FOIA request. The

Court finds the Declaration of USPTO FOIA Officer Dorothy Campbell to be detailed, nonconclusory, and submitted in good faith. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant U.S. Patent and Trademark Office's Motion for Summary Judgment (DE [72]) is **GRANTED**. **THIS CAUSE** is hereby **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of May 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF